BRUNO'S, INC., Plaintiff–Appellee,

v.

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, LOCAL 1657, Defendant–Appellant.

No. 87–7743.

United States Court of Appeals, Eleventh Circuit.

Oct. 31, 1988.

---

George C. Longshore, Birmingham, Ala., for defendant-appellant.

Mark L. Taliaferro, Jr., Burr & Forman, F.A. Flowers, III, Birmingham, Ala., for plaintiff-appellee.

Before RONEY, Chief Judge, JOHNSON and SMITH *, Circuit Judges.

JOHNSON, Circuit Judge:

This case involves an appeal from the district court's grant of summary judgment on plaintiff's motion to vacate an arbitration decision. We affirm.

## I. BACKGROUND

The controversy centers around shopping carts. Bruno's, Inc. ("Bruno's"), which owns and operates a chain of supermarkets, has long been concerned about cashiers forgetting to ring up packages placed in the lower compartments of its shopping carts ("bascarts"), and employs undercover shoppers to monitor cashiers' failures to charge customers for such items. From 1984 until 1986, it punished cashiers with a corrective action record ("CAR") for the first failure to ring up an item, probation for the second offense, and a one-day suspension for the third offense. In 1986, Bruno's changed its policy and began imposing a one-day suspension for the first offense, with more severe penalties for subsequent offenses. By late 1986, grievances had been filed by thirteen employees suspended under the new policy. Some of these grievances went to arbitration in early 1987.

The relevant sections of the collective bargaining agreement state:

—The Arbitrator ... shall decide the issue(s) submitted to him and his decision shall be binding on the Union, the Employer, and the Employee.... (Art. 2)

—The Arbitrator shall not have the right to change any portion of this Agreement. (Art. 2)

—[T]he right to establish and maintain reasonable rules and regulations covering the operation of the stores is vested in the Employer, provided, however, that this right shall be exercised with due regard for the rights of employees and provided further that it will not be used for the purpose of discrimination against any employee. (Art. 5)

—The power to discharge and discipline for just cause, to promote and demote, lies with the Employer. It is agreed that this power shall be exercised with justice with regard to the rights of the employees.... (Art. 5)

No formally stipulated issue was submitted to the arbitrator, so he framed the issue to be decided as follows: Did the Company violate the Agreement between the parties when it instituted a modified policy of one-day suspensions for the first offense for cashiers who failed to ring a grocery item during a security "Bascart Check," and subsequently suspended nine employees in compliance with the modified policy? He rendered a three-part decision: the employees had been disciplined without just cause; the new bascart security policy was unfair and void; and a new bascart

* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

policy should be instituted. The arbitrator specifically outlined the new policy, which included less severe fines for first offenses and more direct management monitoring of bascart security shoppers to assure prompt notification and verification of offenses.

The district court reviewed the arbitrator's award and vacated the second and third parts of the decision on the grounds that the arbitrator exceeded his authority by striking down the policy and implementing a new one of his own making. In this appeal, the parties vigorously dispute the arbitrator's authority to write a new bascart policy.[1]

## II. DISCUSSION

Initially, we note that "[t]his Court's review of a grant of summary judgment is plenary, and we apply the same legal standards that bound the district court." *American Ass'n of Christian Schools, etc. v. United States*, 850 F.2d 1510 (11th Cir. 1988). Insofar as the district court's decision is based on the arbitrator's lack of authority, the essential facts, primarily the contents of the collective bargaining agreement and the arbitrator's opinion, are undisputed.[2] The substantive review of an arbitration award "is limited to a determination of whether an award is irrational, whether it fails to draw its essence from the collective bargaining agreement or whether it exceeds the scope of the arbitrator's authority." *Butterkrust Bakeries v. Bakery, Conf. & Tobacco Wkrs.*, 726 F.2d 698, 699 (11th Cir.1984). *Accord Loveless v. Eastern Air Lines, Inc.*, 681 F.2d 1272, 1276 (11th Cir.1982). The Court's scope of review is therefore extremely narrow. *See generally United Steelworkers of Am. v.*

*Enterprise Wheel & Can Corp.*, 363 U.S. 593, 596, 599, 80 S.Ct. 1358, 1360, 1362, 4 L.Ed.2d 1424 (1960). However, in certain rare instances a decision may be properly vacated because "the arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." *United Paperworkers Intern. Union v. Misco, Inc.*, —— U.S. ——, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987). *See Enterprise Wheel*, 363 U.S. at 597, 80 S.Ct. at 1361.

■ Since both parties and the district court agree that the grievants were suspended unjustly, the dispute focuses on the proper remedy. The Union correctly claims that arbitrators have broad powers to craft appropriate relief. It argues that the arbitrator's imposition of new inspection procedures is a natural and inevitable outgrowth of his broad powers. The Supreme Court recently stated in *Misco* that an arbitrator "is to bring his informed judgment to bear in order to reach a fair solution of a problem. *This is especially true when it comes to formulating remedies.*" 108 S.Ct. at 372 (emphasis in original). However, an arbitrator does not have unfettered discretion. He may not impose a remedy which directly contradicts the express language of the collective bargaining agreement. *Id.* at 371; *Enterprise Wheel*, 363 U.S. at 597, 80 S.Ct. at 1361.

This Court has previously affirmed a district court's vacating of an arbitration award where the arbitrator clearly violated the express terms of the collective bargaining agreement. *Butterkrust*, 726 F.2d at 700. In *Butterkrust*, the arbitrator had

---

**1.** Interestingly enough, the parties do not dispute the propriety of the district court's decision that the arbitrator's *"voiding ... of the rule is unenforceable."* (Memorandum Opinion at 13) (emphasis added). Bruno's repeatedly conceded at oral argument that it had "no problem" with the arbitrator striking down the rule that stimulated the grievances. In other words, the parties agree that the district judge erred in vacating that particular portion of the award. However, since the parties did not argue this specific issue in their briefs, we shall address only the lower court's decision to vacate the

portion of the arbitrator's award that established a new bascart inspection policy.

**2.** At times, the district court seems to offer as an alternative ground for decision that the arbitrator decided issues outside the proper scope of those submitted to him. The parties hotly dispute exactly what issues were before the arbitrator. Since we affirm the district court on other grounds, we need not pass on the propriety of a grant of summary judgment on the ground of exceeding the scope of submission.

found that just cause existed for the employee's termination. However, the arbitrator further held that if the employee satisfactorily passed a Dale Carnegie course, he would be entitled to reinstatement. The collective bargaining agreement provided that Butterkrust was to retain *sole control* over the manner of employee discipline. This Court affirmed the district court holding that "the arbitrator had exceeded the scope of his authority by imposing a disciplinary sanction on [the employee]." *Id.* at 700. The arbitrator in *Butterkrust* could properly have approved of the discharge or reinstated the employee, but he lacked the contractual authority to impose his own idea of discipline.[3] The "sole control" over discipline language in the collective bargaining agreement served to void the award.

Other courts, while proceeding cautiously, have also vacated the rare arbitration decisions which are clearly not authorized by the collective bargaining agreement. *Howard P. Foley Co. v. IBEW*, 789 F.2d 1421, 1424 (9th Cir.1986) (award of punitive damages vacated where it was unauthorized by the collective bargaining agreement); *Riceland Foods, Inc. v. United Brotherhood of Carpenters, etc.*, 737 F.2d 758, 760 (8th Cir.1984), *cert. denied*, 471 U.S. 1102, 105 S.Ct. 2327, 85 L.Ed.2d 845 (1985) (arbitrator lacked authority to review type of discipline imposed by management where agreement limited her to determining whether rule had been violated or not); *Sears, Roebuck and Co. v. Teamsters*, 683 F.2d 154, 156 (6th Cir.1982), *cert. denied*, 460 U.S. 1023, 103 S.Ct. 1274, 75 L.Ed.2d 495 (1983) ("balancing test" employed by arbitrator vacated as conflicting with express term in bargaining agreement); *Milwaukee Typo. Union v. Newspapers, Inc.*, 639 F.2d 386, 393–94 (7th Cir.), *cert. denied*, 454 U.S. 858, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981) (arbitration decision imposing duty to bargain vacated where contract clause limited subjects open to bargaining); *Magnavox Co. v. International Union of Elec., Radio and Mach. Wkrs.*, 410 F.2d 388, 389 (6th Cir.1969) (arbitrator lacked authority to order reinstatement after finding that just cause existed for discharge where sole disciplinary power was vested in employer).

The agreement between the Union and Bruno's provides that "the right to establish and maintain reasonable rules and regulations covering the operation of the stores is vested in the Employer." (Collective Bargaining Agreement, Art. 2). This clause bars anyone other than Bruno's, including an arbitrator, from setting up store rules and operating procedures.[4] The clause constrains both Bruno's and the arbitrator. Bruno's may not impose an unfair rule, and the arbitrator may not create a new rule to replace one he strikes down as unreasonable. Although we are mindful of the great latitude to be given to an arbitrator's interpretation of a collective bargaining agreement, the portion of the arbitrator's award that writes and imposes a new bascart policy on Bruno's in direct conflict with the express terms of the collective bargaining agreement was properly vacated.

---

3. The Union argues that the arbitrator did not apply his own idea of industrial justice, but simply reverted to Bruno's old bascart policy. This is incorrect. Although the arbitrator did reinstate the former sanction for a first offense of a CAR, his implementation of monitoring and notification procedures was entirely novel. In addition, the Union's argument cuts too broadly. The collective bargaining agreement gives Bruno's the power to change its rules—it need not remain frozen in a previous, possibly flawed, attempt to achieve optimal discipline.

4. The Union seems to argue at points that the district court's decision is based on the clause in the collective bargaining agreement that forbids the arbitrator to "change any portion of this agreement." (Collective Bargaining Agreement, Art. 2). Clauses forbidding modification of the agreement are common and have boilerplate qualities. In this Court, "no modification" clauses are not considered a reliable basis for overturning an arbitrator's interpretation of a collective bargaining agreement. *See Loveless*, 681 F.2d at 1278–79 n. 14. However, the district court relied primarily on the clause regarding rule-making authority—not the vague "no change" clause. Such a clause is less ambiguous and more clearly bars overly creative acts by arbitrators. *See Butterkrust*, 726 F.2d at 700 (clause vesting disciplinary power in company bars arbitrator's order commanding employee to attend a Dale Carnegie course).

Therefore, the district court is AFFIRMED.