**WARRIOR & GULF NAVIGATION COMPANY, Plaintiff–Counterclaim, Defendant–Appellee,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, Defendant–Counterclaim–Plaintiff–Appellant.**

No. 92–6543.

United States Court of Appeals, Eleventh Circuit.

July 27, 1993.

Frederick Kuykendall, III, Cooper, Mitch, Crawford, Kuykendall & Whatley, Samuel H. Heldman, Birmingham, AL, for appellant.

Frank McRight, McRight, Jackson, Dorman, Myrick & Moore, Mobile, AL, for appellee.

Before ANDERSON and EDMONDSON, Circuit Judges, and YOUNG\*, Senior District Judge.

PER CURIAM:

This case involves a dispute over an arbitrator's discretion to interpret the collective bargaining agreement ("Agreement") between plaintiff Warrior & Gulf Navigation Company ("Warrior") and defendant United Steelworkers of America ("USW"). The arbitrator determined that Warrior should not have terminated a Warrior employee. The district court reversed this decision and granted Warrior summary judgment. USW now appeals. Because we conclude that the arbitrator's remedy contradicted the express language of the Agreement, we AFFIRM the district court's decision.

I. Facts and Background

The Agreement gives Warrior the authority to drug test its employees, on a random basis and for cause.[1] After the first positive test for drug abuse, Warrior may suspend an

---

\* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

**1.** Agreement § 23.4 says, in relevant part: "Employees may be tested by the Company and/or a physician of its choice on a random basis, or for cause, to determine intoxication and/or prior usage of controlled substances."

employee for two weeks [2] and may retest the employee every seven days.[3] An employee who tests positive a second time is "subject to immediate discharge." [4]

The Agreement also suggests that Warrior must have "just cause" to fire an employee.[5] If there is a disagreement between Warrior and USW, the Agreement provides for outside arbitration to resolve the dispute. Agreement § 12.

On April 17, 1991, Warrior employee Rudolph Files tested positive for marijuana. It was Files' second positive test. Files had been suspended after his first positive test in 1988.

On April 29, 1991, before Warrior received the results from the April 17 test, Files was drug tested again. The April 29 test was negative.

After Warrior received the April 17 test results, it fired Files. The USW union disagreed with the decision to fire Files, and the parties asked arbitrator Bernard Marcus to adjudicate the dispute.

Marcus found that Files had been aware of these contractual requirements and that his April 17 test was legitimate, positive for marijuana, and did not violate the Agreement. But, Marcus reduced Files' penalty from discharge to disciplinary suspension. Marcus reasoned that the Agreement's "just cause" provision required Warrior to use "just and equitable" procedures in its decision to fire an employee. Marcus argued that

... when the company required that Files submit a urine sample for testing on April 29, it changed the rules of the game. Thus, had the urine sample of April 17 proven negative for drugs, and the sample of April 29 proven positive for drugs, certainly the company would have discharged Files pursuant to Section 23, paragraph 6(b) of the labor agreement.

. . . .

It is only correct and just that the company cannot have it both ways. When it required Files to submit a urine sample on April 29, the company in effect was telling Files that the April 29 test was the one on which Files' continued employment would hinge. Files passed the April 29 test. Accordingly, the company has failed to establish just cause for discharge by clear and convincing evidence.

. . . .

Stated differently, just cause means that the employee must be given a "fair shake".

The district court concluded that the arbitrator had no discretion to find that Warrior lacked "just cause" in discharging Files, when the express terms of the contract granted Warrior such authority under the facts determined by the arbitrator. The district court vacated the arbitrator's decision and granted Warrior summary judgment to dismiss Files. USW appeals.

## II. Discussion

■■ A court generally must defer to an arbitrator's findings of fact. *United Paper-*

---

2. Agreement § 23.6(a) says: "In the event a positive result is obtained in a test of an employee and there is no evidence of influence or intoxification [sic], the individual will be suspended without pay for a minimum of 14 days."

3. Agreement § 23.5(b) says, in relevant part: "Employees who have been tested positive may be tested thereafter ... at no greater frequency than every seven (7) days."

4. Agreement § 23.6(b) says: "In the event a positive result is obtained in a test administered to an employee who has been suspended without pay pursuant to sub-paragraph 6(a) above, the employee is subject to immediate discharge."

5. Agreement §§ 13 and 14 say, in relevant part: "13. In the event a member of the Union shall be discharged from his employment and believes he has been unjustly dealt with, such discharge shall constitute a case arising under the method of adjusting grievances herein provided. In the event it should be decided under the rules of the Agreement that an injustice has been dealt the employee with regard to the discharge, the Company shall reinstate such employee and pay full compensation at the employee's regular rate for the time lost or pay compensation in accordance with the arbitrator's decision."

"14. The Management of the Company and the direction of the working force, including the right to hire, suspend or discharge for proper cause, or transfer, and the right to relieve employees from duty because of lack of work, or for other legitimate reasons, is vested exclusively in the Company, provided that this will not be used for purposes of discrimination against any member of the Union ..."

*workers Int'l. Union v. Misco, Inc.*, 484 U.S. 29, 37–38, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987). Once those facts are found, however, an arbitrator "may not ignore the plain language of the contract." *Misco*, 484 U.S. at 38, 108 S.Ct. at 371. "... [A]n arbitrator does not have unfettered discretion. He may not impose a remedy which directly contradicts the express language of the collective bargaining agreement." *Bruno's, Inc. v. United Food and Com. Wkrs. Int'l*, 858 F.2d 1529, 1531 (11th Cir.1988).

■ The Agreement says that an employee who tests positive a second time is "subject to immediate discharge." This express language gives management the complete discretion to fire an employee. Once Marcus had found that, as a matter of fact, Files tested positive for drugs for the second time on April 17,[6] these express terms required Marcus to uphold management's decision.[7]

We stop short of the question of how much discretion arbitrators have in interpreting the "just cause" provision of a contract in cases where their interpretations do not conflict with a specific and express contractual provision. Because the Agreement expressly addresses the particular contingency of a second positive drug test, we conclude that the Agreement's "just cause" standard is consistent with this explicit provision.

The Agreement allowed Warrior to conduct the April 17 and 29 tests when it did, and to discharge Files for the positive result from the April 17 test. Under these circumstances, we conclude as a matter of law that Warrior, pursuant to the terms of the pertinent agreement, had "just cause" to fire Files. *See, e.g., Delta Queen Steamboat Co. v. District 2 Marine Eng.*, 889 F.2d 599, 604 (5th Cir.1989) (arbitrator exceeded authority when he reduced penalty company had exclusive right to impose); *Tootsie Roll Indus. v. Local 1 Bakery*, 832 F.2d 81, 84–85 (7th Cir.1987) (having determined that employee violated "last chance" rule, arbitrator had no choice about what penalty to impose); *Riceland Foods v. United Broth. of Carpenters*, 737 F.2d 758, 760 (8th Cir.1984) (arbitrator may not review discipline standards when he finds that specific rule was violated). *See also Bruno's*, 858 F.2d at 1532 (arbitrator cannot create new rule that conflicts with explicit rule in collective bargaining agreement).[8]

AFFIRMED.

---

6. Marcus suggested that this case is similar to *Pabco Gypsum Company*, 90–1 CCH–ARB 8054 (Weiss, 1989), where different labs evaluated a *single* drug sample in different ways: One lab found that the sample tested positive, the other negative. Because the arbitrator in *Pabco* found no positive test as a matter of fact, he deemed the discharge improper.

In this case, by contrast, the arbitrator found that the April 29 test did not discredit the results of the April 17 test. In the 12 days between the two tests, the drug-related metabolites could have been removed from Files' body.

7. USW notes that the "subject to immediate discharge" language did not *require* management to fire Files. For present purposes, however, it is enough that management had the complete *discretion* to fire Files. Because management had, given the facts, complete discretion to fire Files, Marcus had no discretion to interfere.

8. Although we allowed arbitrators to consider "just cause" in *Florida Power Corp. v. IBEW*, 847 F.2d. 680, 682–83 (11th Cir.1988), that case did not involve a situation (like second-time drug use) in which the company's collective bargaining agreement plainly and explicitly allowed the company to fire the employee. *Sullivan Long & Hagerty, Inc. v. Local 559*, 980 F.2d 1424, 1430 (11th Cir.1993), also dealt with a situation for which no plain and explicit contractual provision had been made. We allowed arbitrators to apply background labor law principles, but also reaffirmed the principle that arbitrators must respect the express terms of collective bargaining agreements. *Id.* at 1431. *See also Delta Air Lines v. Air Line Pilots Ass'n, Int'l*, 861 F.2d 665, 671–74 (11th Cir.1988) (arbitrator's decision, that airline lacked "just cause" for discharging pilot who flew plane while intoxicated, violated clearly established public policy).