### The COCA–COLA BOTTLING COMPANY OF NEW YORK, INC., Plaintiff

v.

### LOCAL UNION 1035, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Defendant.

#### Civil No. 3:96CV1917 (PCD).

United States District Court, D. Connecticut.

Aug. 26, 1997.

---

ard, Anessa Abrams, Schmeltzer, Aptaker & Shepard, Washington, DC, for Plaintiff.

Burton S. Rosenberg, Town Attorney's Office, Hamden, CT, for Defendant.

## RULING ON PENDING MOTIONS

DORSEY, Chief Judge.

Plaintiff ("Coca–Cola") seeks to vacate two arbitration awards pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* Defendant Local Union 1035, (the "Union") counterclaims to confirm the awards. Coca–Cola moves for judgment on the pleadings. The Union moves for summary judgment on its counterclaim. For the reasons which follow, both awards are affirmed.

## I. BACKGROUND FACTS

Victor M. Almonte ("Almonte") and Thomas Fiasconaro ("Fiasconaro") were general laborers at Coca–Cola's East Hartford, Connecticut warehouse. On August 18, 1995, Almonte and Fiasconaro engaged in an altercation on the job. During Coca–Cola's investigation of the incident, written statements were obtained from Almonte, Fiasconaro and witnesses. Almonte stated that Fiasconaro grabbed him, that he merely pushed Fiasconaro away, and that Fiasconaro came after Almonte with a pallet board. Almonte did not mention that he had grabbed a roll of shrink wrap or that he threw a punch at Fiasconaro. In subsequent meetings with the Warehouse Manager and the Union Business agent, Almonte and Fiasconaro denied that there was a fight or physical contact between them, claiming it was only a verbal argument. Concluding that Almonte and Fiasconaro were involved in a physical fight, that they were both dishonest when they denied that there was any physical contact, and that Almonte falsified his written statement by indicating that Fiasconaro choked him and he merely pushed him away, the Company terminated Almonte and Fiasconaro for fighting, dishonesty and falsification of records.[1]

Jon S. Berk, Gordon, Muir & Foley, Hartford, CT, Henry A. Platt, Ira Michael Shep-

---

**1.** The arbitrator in the Almonte arbitration found  that Coca–Cola did not terminate Almonte for

The Union grieved both discharges pursuant to the controlling collective bargaining agreement ("CBA"). The Almonte arbitrator concluded that Coca–Cola did not have just cause to terminate Almonte's employment and ordered him reinstated without back pay or benefits. The Fiasconaro arbitrator found that Coca–Cola did not have just cause to discharge Fiasconaro, but that it did have just cause for a lesser penalty. The arbitrator ordered him reinstated with no break in seniority, but without back pay or other benefits.

■ Coca-Cola, in this action, seeks to vacate the arbitrators' awards [2] which the Union seeks to affirm. For the reasons which follow, the awards are affirmed.

## II. DISCUSSION

### A. *Standard of Review*

Review of a labor arbitration award is limited. "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987). The arbitrator's construction was bargained for; and so far as the arbitrator construed the contract, courts may not overrule because their interpretation of the contract differs. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960). An award is legitimate as long as it "draws its essence from the

collective bargaining agreement." *Id.* at 597, 80 S.Ct. at 1361.

An arbitrator is not granted limitless power. *Leed Architectural Products, Inc. v. United Steelworkers of America Local 6674*, 916 F.2d 63, 65 (2d Cir.1990). An arbitrator's power is limited to the contractual powers conferred by the CBA. *Id.*

This standard applies to substantive findings and remedies. An arbitrator "may not impose a remedy which directly contradicts the express language of the collective bargaining agreement." *Bruno's, Inc. v. United Food and Commercial Workers Int'l Union, Local 1657*, 858 F.2d 1529, 1531 (11th Cir. 1988). The arbitrator's informed judgment is used in fashioning remedies, but does not permit the dispensing of "his own brand of industrial justice." *Enterprise Wheel & Car*, 363 U.S. at 593, 80 S.Ct. at 1358.

### B. *Analysis*

The Union claims that neither arbitrator's findings exceeded their contractual authority. Article IX.A of the CBA provides for final and binding arbitration of unresolved grievances:

> The decision of the impartial arbitrator ... shall be final and binding on all parties. The arbitrator shall have no power to add to, modify or delete any provision of this agreement and his decision shall be limited to the intent and purpose of the articles contained in this Agreement.

The CBA contains three provisions relating to the termination of employment.

---

fighting, but rather only for dishonesty and falsification of records. (Almonte Award, September 6, 1996, at 14.) The arbitrator in Fiasconaro, interpreting the same discharge notice, found that the discharge was for the three stated reasons. (Fiasconaro Award, November 1, 1996, at 8 n. 2.) The conflict is immaterial, as Coca–Cola does not challenge the Almonte arbitrator's factual findings. Furthermore, Coca–Cola dropped the claim that Fiasconaro had falsified company records, after determining that Almonte, but not Fiasconaro, had submitted a false written statement.

2. Coca–Cola's motion for judgment on the pleadings was untimely. A motion for judgment on the pleadings is to be filed at the close of the pleadings. *See* Fed.R.Civ.P. 12(c). The Union

has not yet filed an answer to the complaint, and thus the pleadings cannot be considered closed. Where defendant fails to answer, a motion for default judgment under Fed.R.Civ.P. 55 is proper, rather than a motion for judgment on the pleadings. Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1367 (2d ed.1990). Were the motion for judgment on the pleadings the only dispositive motion on file, it would be denied without prejudice as improper. However, the motion for summary judgment on the Union's counterclaim is fully briefed and addresses the same issues as the motion for judgment on the pleadings. Because the motion for summary judgment is granted and the arbitration awards are affirmed, the motion for judgment on the pleadings will be treated as moot and denied.

Article VII.A., Section 1. The right to discharge employees, *with just cause,* shall continue to be at the discretion of the Employer. In all cases involving discharge or suspension of an employee, the Company agrees to notify the employee in writing, stating the reasons therefore. Such written notice shall be given to the Steward and a copy mailed to the Local Union office within one (1) working day from the time of discharge or suspension.

(emphasis added).

Article VII.A., Section 3. In respect to discharge, the Employer agrees to give at least one (1) warning notice of infraction of rules or of specific complaint, in writing, with copy to the employee, Steward and Local Union office, except when discharge [is] for the following reasons:

(1) dishonesty; . . .

(8) falsification of any Company record. . . .

Article XIX.A. Management Rights. The Union and the Employees agree that the right to operate and manage the business and the affairs of the Company, the right to select and direct the working forces, and the right to control and direct the use of its equipment, facilities and properties are vested exclusively in the Company. *These rights include, without being limited to, the right . . . to . . . discipline, discharge . . . employees . . .; provided, however, that none of these rights shall be exercised by the Company contrary to any specific provision of this Agreement . . .*

(emphasis added).

The Union argues that Article VII.A., Section 1 requires "just cause" for all discharges and must be read in conjunction with Article VII.A., Section 3, i.e., that Coca–Cola may not terminate an employee for any of the enumerated offenses unless it has just cause to do so. It asserts that this is the interpretation of the CBA of both arbitrators and as the arbitrators interpreted the CBA in the awards, they did not exceed the scope of their authority.

Coca–Cola contends that the just cause required for terminations includes the enumerated offenses as defined and limited by Article VII.A., Section 3. The Almonte arbitrator found that Almonte was dishonest and falsified his written statement, and the Fiasconaro arbitrator found that Fiasconaro was engaged in a fight and was dishonest. Therefore, Coca–Cola claims that the arbitrators found that the employees had committed acts that constituted just cause for termination. Thus Coca–Cola argues that having made these findings, the arbitrators' actions are not drawn from the contract.

Coca–Cola simply urges a different contract interpretation than that made by the arbitrators. Even if there were serious doubts as to the interpretations, they would not be within the court's scope of review.

### 1. *Almonte Award*

The Almonte arbitrator concluded:

Almonte's dishonesty or 'falsification' of his written statement *is not just cause for discharge,* however. The provisions of Article VII, when read in context, pertain to employee conduct in the course of performing the employee's job—not to conduct in the course of an investigation into unrelated allegations of rule violations. Although the Company is correct that dishonesty encompasses lying as well as theft, Article VII, Section 3(1) appears targeted to lying, theft or other dishonesty in performing one's job.

Even assuming the provisions on dishonesty and falsification apply to conduct in the course of a Company investigation, in the past the Employer has only terminated employees under these provisions for stealing Company products. Almonte's dishonesty was not as serious as the theft of company products and does not warrant the same consequence.

(Almonte Award at 16) (emphasis added). Implicit in this finding is that a "just cause" requirement must be read into Article VII.A, Section 3(1), i.e., that just cause exists only when the dishonesty or falsification takes place in the employee's course of performing his job.[3]

---

**3.** The arbitrator's conclusion that Article VII, Section 3(1) was targeted to lying, theft or dis-

honesty in the performance of one's job may also be read to adopt a narrow interpretation of the

■ *Super Tire Engineering Co. v. Teamsters Local Union No. 676*, 721 F.2d 121 (3d Cir.1983), *cert. denied*, 469 U.S. 817, 105 S.Ct. 83, 83 L.Ed.2d 31 (1984), is similar to the present case. In *Super Tire*, the employee was dismissed for drinking alcoholic beverages during working hours. *Id.* at 122. Like the present case, the CBA provided that no employee could be discharged without just cause. *Id.* It also listed seven causes for immediate dismissal, including "proven drinking during working hours." *Id.* The arbitrator held that the causes for immediate dismissal had to be read *in pari materia* with the "just cause" requirement. *Id.* at 123. He concluded that there was no just cause for dismissing the employee because he had not been specifically warned that he would be immediately discharged for such conduct. *Id.* Taking into account his lengthy work history, the lack of a specific warning, and a prior infraction, the arbitrator lessened the punishment from discharge to four months' suspension without pay. *Id.* The district court vacated the award. The Third Circuit noted that there was no language in the collective bargaining agreement which foreclosed an inference that the "just cause" and "immediate dismissal" clauses should be read *in pari materia. Id.* at 124.[4] It noted that "[b]ecause the arbitrator held the specific dismissal provision subject to an overall just cause provision, he then was free to determine whether there was just cause for dismissal, applying his expertise and the law of the shop." *Id.* at 125. Therefore it was held that the arbitrator's award did draw its essence from the contract and was sustained.

Here, once the arbitrator determined that the "just cause" provision modified the "immediate dismissal" provision, the arbitrator was free to determine whether there was just cause for the dismissal.

Accordingly, it cannot be said that the arbitrator's award does not draw its essence from the agreement and the Almonte award is affirmed.

### 2. *Fiasconaro Award*

Likewise, the Fiasconaro award implicitly reads a "just cause" requirement into Article VII.A., Section 3(1). The arbitrator reviewed all the facts and circumstances surrounding the altercation and Fiasconaro's subsequent dishonesty. In regards to the fighting, the arbitrator found that Fiasconaro was not the aggressor, and that "his failure to back away from an angry co-worker is not in itself sufficient cause for discharge." (Fiasconaro Award at 8.) As to the dishonesty, the arbitrator found "[t]he grievant's ostensible recantation of his truthful written statement was so transparent and lacking in guile that it cannot be regarded as a serious effort to deceive the employer." (*Id.* at 9.) The arbitrator accordingly found that Coca–Cola lacked just cause to discharge Fiasconaro. (*Id.*) The arbitrator implicitly concluded that the "just cause" requirement had to be read in conjunction with Coca–Cola's right to discharge for dishonesty and fighting.

■ Moreover, the Fiasconaro arbitrator had the authority to modify Coca–Cola's penalty on Fiasconaro. The arbitrator ruled that Coca–Cola had just cause to impose a lesser penalty than discharge and ordered a

term "dishonesty" rather than applying the just cause provision to the enumerated offense. If that were the case, it cannot be said that, in the context of the agreement, this is not a reasonable interpretation of the term.

4. Coca–Cola asserts that in the present case, the language in Article IX.A, which states that an arbitrator may not "add to, modify or delete" provisions of the agreement, prevents the arbitrator from reading the "just cause" clause as modifying the "immediate dismissal" provisions. The Second Circuit has noted that such a "zipper clause" is a "pragmatic restatement" of the standard of review previously stated in Section II.A. of this ruling. *Leed Architectural Products*, 916 F.2d at 66. It does not prevent interpretation of the contract.

Coca–Cola also argues that management's exclusive right to discipline and discharge prevents the arbitrator from reviewing its doing so. However, the CBA provides that this right cannot be exercised in violation of any specific provision of the agreement. The "just cause" provision may be read in conjunction with that right, therefore, permitting the management such an exclusive right subject to the discharge being for just cause. *See Eberhard Foods, Inc. v. Handy*, 868 F.2d 890, 892 (6th Cir.1989) (agreement providing both that employer had sole discretion to discharge and that employee could not be discharged without just cause did not preclude arbitrator review of employer-imposed sanction).

lesser penalty, reinstatement with no break in seniority, but without back pay or other benefits. Coca–Cola's Article XIX.A right to discipline and discharge cannot be exercised contrary to any specific provision of the agreement. Article VIIA, Section 5 provides that "[s]hould it be proven that an injustice has been done in discharging an employee ... the arbitrator may order the employee reinstated in his last position without an award of pay for time lost." Therefore, the arbitrator's modification of the penalty is not outside of the scope of the CBA.

Coca-Cola points to authority which it claims support its position that the arbitrator in the Fiasconaro award went beyond the scope of her authority. In *Hill v. Staten Island Zoological Society, Inc.*, 1996 WL 527332 (S.D.N.Y. Sept.16, 1996), the arbitrator modified a discharge into a thirty-day suspension for an employee who had been terminated for dishonesty, as the arbitrator found no just cause for termination. *Hill*, 1996 WL 527332 at *2. As in this case, the CBA provided that management had the exclusive right to discipline or discharge. *Id.* The court concluded that, as the Zoo had the exclusive right to discipline its employees, the arbitrator exceeded his scope of authority under the collective bargaining agreement. *Id.* at *3. The court concluded that the modification did not "draw its essence" from the agreement "because the [a]greement does not contemplate either explicitly or implicitly that the arbitrator would be granted such leeway in her decision making" However, in the present case, Article VII.A., Section 5 arguably authorizes such leeway. Therefore, *Hill* does not support Coca–Cola's assertion.

Coca-Cola's reference to *Bruce Hardwood Floors v. UBC, Southern Council of Industrial Workers, Local Union No. 2713*, 103 F.3d 449 (5th Cir.1997) is unavailing. There, an employee was discharged pursuant to a CBA for fabricating a story as to her need for time off. *Bruce Hardwood*, 103 F.3d at 450. The arbitrator held that the employer should have applied progressive discipline, rather than immediate discharge. *Id.* at 451. The district court enforced the award. *Id.* at 451. On appeal, the arbitrator was found to

have gone beyond the CBA because "immoral conduct," which included lying, was grounds for immediate discharge. *Id.* at 452. However, in *Bruce Hardwood*, there is no mention of a "just cause" provision in the CBA. Thus, once the employee was found to have committed an enumerated offense, no further analysis by the arbitrator was permitted.

Coca–Cola also points to *Bruce Hardwood* for the proposition that the Fiasconaro arbitrator exceeded her authority by modifying the penalty. In *Bruce Hardwood*, the arbitrator had reduced the discharge to a ten-day suspension. *Bruce Hardwood*, 103 F.3d at 451. Like *Hill*, however, there is no mention made by the court of a clause which specifically grants authority to the arbitrator to modify a discharge or suspension, as there is in the instant case.

Accordingly, the Fiasconaro arbitrator did not exceed his authority in either reading the "just cause" provision in conjunction with the "immediate dismissal" provision, nor in modifying the punishment imposed. The Fiasconaro award is affirmed.

## III. CONCLUSION

Accordingly, the Union's motion for summary judgment (docs. 29 and 33[5]) is **granted.** Coca–Cola's motion for judgment on the pleadings (doc. 27) is **denied.**

SO ORDERED.

---

5. The motion for summary judgment is mistaken-ly docketed twice.