[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10892

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 13, 2011
JOHN LEY
CLERK

D. C. Docket No. 2:08-cv-00713-UA-DNF

GLADES ELECTRIC COOPERATIVE, INC.,

Plaintiff-Appellant,
Counter-Defendant.

versus

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 1933,

Defendant-Appellee-
Counter-Claimant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 13, 2011)

Before TJOFLAT, ANDERSON, and ALARCON,* Circuit Judges.

_____
*Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

We have carefully considered the briefs and the record in this case, and have had the benefit of excellent oral argument from the parties. The discharge of the employee in this matter was submitted to the arbitrator to decide: first, whether the matter was arbitrable; and second, "was the Grievant terminated for just cause? If not, what shall the remedy be?" The arbitrator determined that there was not just cause for discharging the employee, but that there was just cause for a lesser penalty. The Cooperative presents a single argument on appeal – i.e., that the arbitrator exceeded the scope of his authority under the collective bargaining agreement ("Agreement"). The Cooperative relies upon two provisions of the Agreement. The first is:

> All inherent and common law management functions and prerogatives which the Cooperative has not expressly modified or restricted by a specific provision of this Agreement are retained and vested exclusively in the Cooperative and are not subject to arbitration under this Agreement. The Cooperative specifically reserves the exclusive right in accordance with this judgment to reprimand, suspend, discharge, or otherwise discipline employees for just cause.

Section 3.2. The Cooperative does not dispute that the parties to the Agreement bargained for an arbitrator, and not a federal court, to interpret the provisions of their agreement. See §12.2. In addition, and consistent with established case law, the Cooperative does not dispute that such "just cause" language can plausibly be

construed to vest authority in the arbitrator to determine "just cause." IMC-Agrico

Co. v. Int'l Chem. Workers Council of the United Food and Commercial Workers

Union, AFL-CIO, 171 F.3d 1322, 1328 (11th Cir. 1999) (and the cases cited

therein).

The second provision relied upon by the Cooperative is §13.2, entitled

"Progressive Discipline" which provides:

> Section 13.4 provides recommended but not mandatory penalties to apply to specific offenses; however, the penalty utilized shall be discretionary with management and nothing herein shall require that a particular form of discipline be utilized in any case prior to the utilization of another form of discipline.

The sole argument presented by the Cooperative on appeal is that these two

provisions of the Agreement should be interpreted as giving the Cooperative the

exclusive discretion, not subject to arbitration, to determine the penalty for any

given violation. The Cooperative's position is that the arbitrator has authority to

determine whether there is just cause for believing that the employee committed the

charged conduct, and has authority to decide whether such conduct constitutes just

cause for some level of discipline. However, the Cooperative argues that, once the

arbitrator has made those determinations, the particular penalty determination vests

exclusively in the discretion of management. Rejecting the Cooperative's

interpretation, the arbitrator determined that the "just cause" language in § 3.2 gave

3

him authority to resolve disputes concerning just cause, and harmonized that provision with the language in §13.2 giving the management discretion with respect to the penalty utilized. Thus, the arbitrator interpreted the Agreement as giving management latitude with respect to the penalty so long as such latitude was exercised consistent with the overriding contractual principle of "just cause." See arbitrator's decision at 9–10.

We conclude that the arbitrator's interpretation is plausible, and, pursuant to established case law, we defer thereto. IMC-Agrico, 171 F.3d at 1328 ("When there are two plausible interpretations of an agreement, then the arbitrator's choice of one over the other will be honored."). Although § 3.2 reserved to the Cooperative the exclusive right in accordance with its judgment to discipline employees, that right was expressly conditioned, requiring that the particular form of discipline be "for just cause." Under established case law, such "just cause" provisions mean that the scope of the arbitrator's authority extends to a determination of whether just cause existed.

The Cooperative's reliance on § 13.2 is also misplaced. That section is entitled "Progressive Discipline" and provides that the penalties expressly listed for specific offenses are merely recommended penalties, but not mandatory. Although the Cooperative relies upon the language of the next phrase – i.e., that "the penalty

4

utilized shall be discretionary with management and nothing herein shall require that a particular form of discipline be utilized in any case prior to the utilization of another form of discipline" – nothing in that language is inconsistent with the requirement in §3.2 that the Cooperative's discretion in disciplining employees be exercised for "just cause." [1]

Thus, the language of §3.2 and the language of §13.2 is readily harmonized in the above manner, such that management shall have discretion with respect to the penalty utilized, but that discretion must be exercised for "just cause." The Cooperative's interpretation would not harmonize the two provisions, but rather would effectively nullify the just cause provision. The Cooperative apparently would have us re-write §3.2 so that it would read that the Cooperative must have just cause for believing that an employee engaged in the charged conduct and that such conduct warranted some form of disciplinary penalty, but that the Cooperative reserved for itself the exclusive authority to decide the particular level of discipline. The interpretation urged by the Cooperative is strained, and in serious

---

[1] Thus, the arbitrator's interpretation of this language is not only plausible, but probably the most reasonable interpretation. Moreover, the "penalties utilized" language is ambiguous in other respects. It may simply be elaborating on the preceding phrase to the effect that the penalties indicated for specific offenses are merely recommendations, and are not mandatory, leaving the selection of a penalty initially in the discretion of management. Another plausible interpretation is that the general reference to discretion might be limited to the specific example in the succeeding phrase to the effect that the progressive nature of the recommended penalties need not be followed in every instance.

tension with the plain language of §3.2 – i.e., that the Cooperative must have just cause for discharging an employee.  In other words, the Cooperative's interpretation is strained because the express language of §3.2 requires just cause – not for some level of discipline – but for specific penalties – e.g., discharge, reprimand and suspension.[2]

Having thus interpreted his authority under the Agreement, the arbitrator found that the facts did not support just cause for discharging the employee, but did support a lesser penalty.[3]  The Cooperative does not challenge these findings of the arbitrator.[4]

The instant case is not distinguishable in principle from IMC-Agrico Co., which controls the resolution of this case.   The cases relied upon by the Cooperative – Warrior & Gulf Navigation Co. v. United Steelworkers, 996 F.2d

---

[2]        As noted above, even if the Cooperative's suggested interpretation were a plausible one, it is abundantly clear that the interpretation of the arbitrator was a plausible interpretation.  Established law requires our deference to the arbitrator's plausible interpretation.

[3]        On the way to these findings, the arbitrator found that the charged Group III offenses failed as a factual matter.  This too the Cooperative does not challenge.  Indeed, as noted, the sole challenge presented on appeal by the Cooperative is its contract interpretation challenge, which we have rejected.

[4]        Although this court is concerned that there would seem as a matter of common sense and common experience to be just cause for the discharge here, the sole argument presented by the Cooperative to vacate the arbitrator's decision is the Cooperative's contract interpretation issue discussed above in the text and rejected.   Any other challenge by the Cooperative has been abandoned.

279 (11th Cir. 1993), and <u>Butterkrust Bakeries v. Bakery, Confection & Tobacco Workers.</u>, 726 F.2d 698 (11th Cir. 1984) – are distinguishable in the manner indicated in <u>IMC-Agrico</u>.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.